## CECELIA MATZ v. PETER KRIPPNER.[1]

May 18, 1934.

No. 29,956.

*Orr, Stark, Kidder & Freeman* and *Nelson & Nelson,* for appellant.

*Gallagher, Madden & Gallagher,* for respondent.

*I. M. OLSEN, Justice.*

Plaintiff brought suit to recover damages to her automobile and for personal injury to herself resulting from an automobile collision at the intersection of two country roads. She recovered a verdict. Defendant's motion for judgment notwithstanding the verdict was denied. Judgment was thereafter entered on the verdict for $844.75, and defendant appealed therefrom.

The one question presented for review is whether plaintiff was guilty of contributory negligence. The burden of proof on that

[1]Reported in 254 N. W. 912.

issue rested upon the defendant. Contributory negligence is generally a question of fact for the jury. Where, as here, there is no motion for a new trial, no errors in the trial, no objections or exceptions to the charge of the court, and the issue has been submitted to and passed upon by the jury, the verdict on that issue must stand unless the evidence against it is conclusive, or, as otherwise stated, unless the evidence shows as a matter of law that the plaintiff was guilty of contributory negligence. The question of contributory negligence in cases of this kind has been so often considered and passed upon by this court that it would serve no useful purpose to detail the evidence and cite the numerous decisions. It is sufficient to say that on the evidence presented and examined by us we cannot hold that contributory negligence is conclusively shown. We agree with the trial court that it was a question of fact for the jury. Numerous authorities may be found cited in 4 Dunnell, Minn. Dig. (2 ed.) under § 7033, in note 2, p. 1110, and in 1932 Supplement, § 7033, p. 586.

■ Defendant relies principally on Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254. In that case plaintiff, traveling on a country road, approached and attempted to cross an intersecting trunk highway which she knew carried much traffic. The danger was obviously greater than at an intersection with an ordinary country road. The defendant, traveling on the trunk highway, at no time going over 40 miles an hour, had slowed up to 20 miles an hour for the intersection on which he intended to turn, and had partly turned to the right to enter the intersecting country road. His car was then struck by or collided with plaintiff's car. There was no question of unlawful or excessive speed as to either party.

In the present case the jury could find from the evidence that defendant was traveling at an excessive rate of speed, estimated by a disinterested witness to be 60 or 65 miles an hour, that he failed materially to slow down for the intersection, and struck plaintiff's car, which was then more than halfway across and going about 15 miles an hour. Neither road was a trunk or arterial highway. Plaintiff was not required to anticipate that defendant would drive into the intersection at an excessive and unlawful rate of speed even

if she had seen him approaching when he was some 160 feet, a safe distance, away at the time she entered the intersection.

Judgment affirmed.

*DEVANEY, Chief Justice,* absent in attendance upon pardon board, took no part.